IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01927-BNB

GREGORY L. MAKOWSKI,

      Plaintiff,

v.

ENCORE RECEIVABLE MANAGEMENT, INC., a Kansas corporation,

      Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

      Plaintiff, Gregory L. Makowski, initiated this action on July 24, 2012, by filing a *pro se* complaint.  Pursuant to the Court's Order to Cure Deficiencies, he filed an amended complaint on July 30, 2012.  He has been granted leave to proceed *in forma pauperis*.

      The Court must construe the amended complaint liberally because Mr. Makowski is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Makowski will be ordered to file a second amended complaint.

      The Court has reviewed the amended complaint and finds that it does not comply with Rule 8 of the Federal Rules of Civil Procedure.  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is

reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Makowski fails to provide a short and plain statement of his claims showing that he is entitled to relief.  Instead of including any claims in the amended complaint, he refers the Court to the complaint filed on July 24, 2012.  However, the filing of an amended complaint supersedes the original complaint "and renders it of no legal effect." *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (internal quotation marks omitted); *see also Miller v. Glanz*, 948 F.2d 1562,1565 (10th Cir. 1991); 6 C. Wright, A. Miller & M. Kane, *Fed. Practice and Procedure* § 1476 (1990).  Therefore, Mr. Makowski may not rely on the July 24, 2012 complaint.  Instead, he must file a complete complaint on the Court-approved form that includes all of his claims for relief and facts in support of those claims.

Mr. Makowski must present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Makowski must allege, simply and concisely, his specific claims for relief.  He may attach documents to the second amended complaint, but he may not rely solely on those documents to present his claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  The Court, therefore, will direct Mr. Makowski to file a second

2

amended complaint on the Court-approved form that sets forth all of his claims in a simple and concise manner.  Accordingly, it is

ORDERED that Mr. Makowski file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Mr. Makowski shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Makowski fails to file a second amended complaint **within thirty (30) days from the date of this order**, the amended complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED August 6, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge