IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01927-CMA-MEH

GREGORY L. MAKOWSKI,

    Plaintiff,

v.

ENCORE RECEIVABLE MANAGEMENT, INC., a Kansas corporation,

    Defendant.

## ORDER ON MOTION TO STRIKE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion to Strike Paragraph Nos. 42-52 of Plaintiff's Complaint [filed August 29. 2012; docket #16].  Pursuant to D.C. Colo. LCivR 7.1C, the Court decides the motion without a response from Plaintiff.

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.,* No. 07–cv–01514–WDM–BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.,* 605 F. Supp. 1064, 1085 (D. Colo.1985)). Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests.  5C Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1380 (3d ed. 2011).  Motions to strike on the basis of immateriality or impertinence are typically denied unless the allegations have "no possible relation to the controversy and may prejudice one of the parties." *Home Quest Mortg., L.LC. v. American Family Mut. Ins. Co.*, 393 F. Supp. 2d 1096, 1099-

1100 (D. Kan. 2005). "If plaintiffs plead evidentiary facts that aid in giving a full understanding of the complaint as a whole, they need not be stricken." *Id*. at 1100.

Defendant argues that paragraphs 42-52 of Plaintiff's complaint are immaterial and impertinent to the Complaint, and that the Court should be strike the paragraphs accordingly. It appears Defendant is particularly disturbed by Plaintiff's statements regarding audio recordings of telephone calls involving Plaintiff. *See* docket #1, 5-6.

Upon review of Plaintiff's complaint, the Court does not find that paragraphs 42-52 have "no possible relation to the controversy" or are likely to prejudice any party. *See Home Quest Mortg., L.LC.*, 393 F. Supp. 2d 1099-1100. To the contrary, the Court finds that the paragraphs contain evidentiary facts that aid in giving a full understanding of Plaintiff's Fair Debt Collection Practices Act claim. *See id.* at 1100. Therefore, Defendant's Motion to Strike Paragraph Nos. 42-52 of Plaintiff's Complaint [filed August 29. 2012; docket #16] is **denied**.

Entered and dated at Denver, Colorado, this 5th day of September, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge