IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01927-CMA-MEH

GREGORY L. MAKOWSKI,

    Plaintiff,

v.

ENCORE RECEIVABLE MANAGEMENT, INC., a Kansas corporation,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    This matter comes before the Court *sua sponte*, due to Plaintiff's failure to appear at the Scheduling Conference held on November 8, 2012. For the reasons set forth below, the Court determines that Plaintiff should be required to pay Defendant's attorney's fees incurred as a result of Plaintiff's non-appearance.

**I.    Background**

    Plaintiff initiated this action on July 24, 2012. On August 18, 2012, the Court issued a minute order directing the parties to appear before the Court on November 8, 2012, at 9:45 a.m. for a Scheduling Conference. (Docket #13.) The Court's order expressly provided that "[a]bsent exceptional circumstances, no request for rescheduling will be entertained unless made **five business days** prior to the date of the conference." (*Id.*) (emphasis in original). Additionally, the Court advised the parties that "they shall not assume the court will grant the relief requested in any motion" and that "failure to appear at a Court-ordered conference or to comply with a Court-ordered deadline which has not been vacated by Court order may result in the imposition of sanctions." (*Id.*)

On November 7, 2012, at 6:44 p.m., Plaintiff emailed the Court a document titled "Agreed Motion for Continuance" in which Plaintiff represented that the parties agreed to continue the Scheduling Conference set for the following morning. Wisely, Plaintiff copied Defendant's counsel on the email. Two minutes later, at 6:46 p.m., Defendant's counsel replied to all recipients to inform the Court that Plaintiff had not discussed the matter with him and that Defendant did not agree to the continuance. Plaintiff then sent another email indicating he had not proof-read the first document prior to emailing it. Plaintiff's amended document asks the Court to continue the Scheduling Conference because "Plaintiff is preparing his response to Defendant's Motion for Summary Judgment." The Court did not respond to any of the parties' emails.

The following day, on November 8, 2012, at 9:45 a.m., the Court held a Scheduling Conference in this case as planned. Counsel for Defendant attended in person and represented to the Court that Plaintiff did not participate in the preparation of the proposed Scheduling Order. Plaintiff did not appear at the Scheduling Conference, nor did he attempt to contact the Court in advance to explain his tardiness or absence. The Court attempted to contact Plaintiff by telephone, but Plaintiff did not answer. The Court informed Defendant that it would consider an award of attorney's fees in light of Plaintiff's non-appearance.

**II.    Legal Standard**

District courts may make discovery schedules and set deadlines (*see* Fed. R. Civ. P. 16(b)), and sanction attorneys and/or parties who disregard such discovery orders. Fed. R. Civ. P. 16(f). "In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences ... ." Fed. R. Civ. P. 16(a).

Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), [i]f a party or its attorney: (A) fails to

appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). "Instead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added).

### III.    Analysis

Plaintiff's eleventh-hour email to the Court does not substantially justify his non-appearance or present any circumstance that would render an award of fees unjust. As noted above, the Court's order setting the Scheduling Conference made clear that absent exceptional circumstances, no requests to vacate the Scheduling Conference would be entertained unless made five business days prior to the date of the conference. Likewise, the Court advised all parties they should not assume the Court will grant the relief requested in any motion and that failure to appear at scheduled settings may result in the imposition of sanctions. In this way, the Court provided Plaintiff with ample notice of the protocol for resetting the Scheduling Conference and the consequences of Plaintiff's decision not to appear. Finally, even if Plaintiff had properly filed a timely motion to continue, the Court would not have considered (and does not now consider) Plaintiff's stated reasons sufficient to vacate the setting.

### IV.    Conclusion

THEREFORE, pursuant to Rule 16(f), the Court directs Defendant's counsel to submit an affidavit of fees incurred as a result of Plaintiff's failure to appear at the Scheduling Conference on or before November 16, 2012.   Plaintiff may file response challenging the reasonableness of

counsel's fees within ten (10) days after the affidavit is served.

Entered and dated at Denver, Colorado, this 13th day of November, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge